# EXHIBIT A

ELECTRONICALLY FILED
2017 Jun 12 PM 3:08
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-CV-000501

IN THE DISTRICT COURT OF WYANDOTTE COUNTY KANSAS

| | |
|---|---|
| PEGGY THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>DART TRANSIT COMPANY,<br><br>And<br><br>HAROLD ENSCH,<br><br>Defendants. | Case No.<br><br>Division No.<br><br>Chapter 60 |

PETITION
(PURSUANT TO K.S.A. CHAPTER 60)

COMES NOW plaintiff and, for her cause of action against defendants herein, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peggy Thompson is and was at all times referred to herein, a resident of the State of Kansas, with an address of 13121 Richland Avenue, Bonner Springs, Kansas.

2. Defendant Dart Transit Company ("Dart") is now, and at all times referred to herein was, a transit company with an address of 800 Lone Oak Rd., Eagan, MN 55121.

3. Defendant Harold Ensch ("Ensch") is now, and at all times referred to herein was, a truck driver working for Dart as an employee and/or agent of Dart, and a resident of Wisconsin.

{11313/0001: 00335943.DOC.}

4. Jurisdiction of the present action is proper in this Court pursuant to K.S.A. §60-308(b) in that defendants herein, individually and collectively, were involved in the commission of a tortious act within the state of Kansas.

5. Venue of the present action is proper in this Court, pursuant to K.S.A. §60-604 and K.S.A. §60-605, in that the automobile accident which forms the basis for this cause of action occurred in Wyandotte County, Kansas.

## GENERAL ALLEGATIONS

6. On October 26, 2016, in Wyandotte County, Kansas, at approximately 9:40 a.m., Peggy Thompson was driving an automobile east-bound on I-70 in Wyandotte County, Kansas in the number 2 lane, near milepost 224.9.

7. On the same day, in Wyandotte County, Kansas, Ensch, an employee and/or agent of Dart, was driving a tractor-trailer east-bound on I-70 in the number 1 lane, near milepost 224.9.

8. While traveling in the number 1 lane, Ensch attempted to change lanes to the number 2 lane, occupied by Peggy Thompson's automobile.

9. Ensch failed to exercise due care by failing to keep a proper lookout and failing to see Peggy Thompson's automobile in the number 2 lane.

10. Ensch's tractor-trailer hit Peggy Thompson's automobile, causing her car to spin out in front of Ensch's tractor-trailer and hit a concrete barrier.

11. As a direct result of the collision, plaintiff Peggy Thompson suffered multiple injuries including, but not limited to, a C2 fracture, ruptured cervical artery, extensive soft-tissue injury to the left neck, scalp contusions, paresthesias and lacerations to her body.

12. As a direct result of the collision, plaintiff Peggy Thompson was required to undergo surgery and spend several days in the hospital.

13. As a direct result of the collision, plaintiff Peggy Thompson could not live independently for a significant period of time after she was discharged from the hospital.

14. As a direct result of the collision, plaintiff Peggy Thompson sustained multiple, permanent physical and mental injuries, including physical pain, mental anguish and emotional distress.

15. On December 1, 2016, Ensch plead guilty in the Circuit Court of Wyandotte County, Kansas, to a violation of K.S.A. §08-1548(a) for unsafe turning, stopping or failure to give a proper signal in connection with the collision he caused on October 26, 2016.

## COUNT I (ENSCH: NEGLIGENCE)

16. Plaintiff hereby incorporates each of the allegations set forth in paragraphs 1 through 15 hereof, as if set forth fully in this Count I.

17. Ensch's conduct in causing the tractor-trailer he operated to collide with the automobile operated by plaintiff Peggy Thompson, was unreasonable and negligent, and in committing such conduct, Ensch failed to exercise due care in one or more respects, which include, but are not limited to the following:

    a. Failed to keep a proper lookout when he attempted to change lanes;

    b. Engaged in unsafe turning;

    c. Failed to give motorists a proper signal that he intended to change lanes.

18. Ensch knew, or should have known, that plaintiff Peggy Thompson was in the number 2 lane and that it was unsafe to change lanes.

19. As a direct and proximate consequence of Ensch's failure to exercise due care directly caused plaintiff Peggy Thompson's damages, losses and injuries.

WHEREFORE, plaintiff respectfully requests this Court to enter its judgment, in plaintiff's favor and against defendant Harold Ensch, in an amount that will reasonably compensate plaintiff for her injuries, losses and damages sustained, as described herein, in excess of $75,000, and for such other and further relief as the Court deems just and proper.

## COUNT II (DART TRANSIT: RESPONDEAT SUPERIOR)

20. Plaintiff hereby incorporates each of the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21. Harold Ensch, in the alternative to every allegation hereof which is inconsistent herewith, was acting in the course and scope of his duty as an employee and/or agent of Dart Transit Company at all times herein. As such, the negligence by Harold Ensch as set forth herein in paragraphs 17, 18 and 19 is imputed to Dart.

22. The collision referred to herein, and the damages, losses and injuries sustained by plaintiff described herein, were the direct result of the negligence of Ensch and Dart, and the failure to exercise due care by Ensch and Dart.

WHEREFORE, plaintiff respectfully requests this Court to enter its judgment, in plaintiff's favor and against defendants Harold Ensch and Dart in an amount that will reasonably compensate plaintiff for her injuries, losses and damages sustained, as described herein, in excess of $75,000, and for such other and further relief as the Court deems just and proper.

## COUNT III (ENSCH: NEGLIGENCE *PER SE*)

23. Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 22, as if fully set forth in this Count III.

{11313/0001: 00334712.DOC.}

24. Defendant Ensch's negligent operation of his tractor-trailer violated Kansas statutory law including, but not limited to, K.S.A. §08-1548(a) which states, " no person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety, nor without giving an appropriate signal in the manner hereinafter provided".

25. On December 1, 2016, Ensch plead guilty in the Circuit Court of Wyandotte County, Kansas, to a violation of K.S.A. §08-1548(a) for his failure to exercise due care.

26. The State of Kansas promulgated, designed and intended these laws and regulations to protect a class of people that included Peggy Thompson.

27. The State of Kansas promulgated, designed and intended these laws and regulations to prevent Peggy Thompson's injuries.

28. Defendant Ensch's violation of Kansas law caused or contributed to cause Peggy Thompson's injuries.

29. Defendant Ensch's actions were negligent *per se* and directly caused or contributed to cause the crash and Peggy Thompson's injuries.

30. As a direct and proximate consequence of defendant Ensch's acts, omissions and conduct, plaintiff Peggy Thompson suffered multiple injuries including, but not limited to, a C2 fracture, ruptured cervical artery, extensive soft-tissue injury to the left neck, scalp contusions, paresthesias and lacerations to her body.

31. As a direct and proximate consequence of defendant Ensch's acts, omissions and conduct, plaintiff Peggy Thompson has suffered pain, anguish and discomfort and will continue to do so in the future.

32. As a direct and proximate consequence of defendant Ensch's acts, omissions and conduct, plaintiff Peggy Thompson sustained multiple, permanent physical and mental injuries, including physical pain, mental anguish and emotional distress.

WHEREFORE, plaintiff respectfully requests this Court to enter its judgment, in plaintiff's favor and against defendants Harold Ensch and Dart in an amount that will reasonably compensate plaintiff for her injuries, losses and damages sustained, as described herein, in excess of $75,000, and for such other and further relief as the Court deems just and proper.

### COUNT IV (DART TRANSIT: NEGLIGENCE *PER SE* RESPONDEAT SUPERIOR)

33. Plaintiff hereby incorporates each of the allegations set forth in paragraphs 1 through 32, as if fully set forth in this Count IV.

34. Harold Ensch, in the alternative to every allegation thereof which was inconsistent herewith, was acting in the course and scope of his duty as an employee and/or agent of Dart Transit Company at all times herein. As such the negligence *per se* by Harold Ensch, as set forth in paragraphs 23 through 32, is imputed to Dart.

35. The collision referred to herein and the damages, losses and injuries sustained by the plaintiff described herein, were the direct result of the negligence of Ensch and Dart, and the failure to exercise due care by Ensch and Dart.

WHEREFORE, plaintiff respectfully requests this Court to enter its judgment, in plaintiff's favor and against defendants Harold Ensch and Dart in an amount that will reasonably compensate plaintiff for her injuries, losses and damages sustained, as described herein, in excess of $75,000, and for such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN

*/s/ Dawn M. Parsons*

Dawn M. Parsons    #16346
Richard Lombardo   #22326
2001 Wyandotte
Kansas City, MO 64108
(816) 931-0500
(816) 931-5775 – Facsimile
dparsons@sls-law.com
rlombardo@sls-law.com
ATTORNEYS FOR PLAINTIFF

{11313/0001: 00334712.DOC.}